**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROBERT W. WILLIAMS, individually and
on behalf of all others
similarly situated,

                                          Plaintiffs,

Vs.

NCO FINANCIAL SYSTEMS, INC.

                                          Defendants.

**COMPLAINT**

**PRELIMINARY STATEMENT**

This action is instituted in accordance with and to remedy Defendants' violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Sections 1692 et seq. (hereinafter "FDCPA").  Plaintiff brings this action both individually on his own behalf and as a class action on behalf of all other persons similarly situated, to recover damages for himself and to enjoin Defendants' unlawful conduct as it affects all other consumers residing within the United States.

The Plaintiff engaged the services of AT&T Wireless for cellular phone capability for personal use and an alleged and disputed balance remains.  The original creditor sold the debt to NCO Portfolio Management, who in turn forwarded the debt to Defendant for collection.

Defendant sent an initial written communication to Plaintiff on July 9, 2008 indicating the amount due and adding "collection charges".  The communication directs the consumer to a website owned and operated by the defendant used to attempt to collect debts from consumers.

Defendants' collection campaign directed against Plaintiff violated the established standards of conduct imposed upon it by federal law, including the following:

- the collection of collection charges when there is no written agreement or law entitling the Defendant to payment of collection charges; and
- the initial communication was directing the Plaintiff to a non-conforming communication.

Defendants' mistreatment of Plaintiff was in fact indiscriminate, occurring in the regular course of its debt collection business whereby Plaintiff was treated in the same general manner as it treats other consumers who are the objects of its collection efforts.

Plaintiff therefore seeks hereby to recover actual, statutory, treble, and punitive damages on behalf of himself individually, as well as declaratory and equitable relief on behalf of the class which he seeks to represent, together with reasonable attorneys' fees and costs.

## JURISDICTION

1. Jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and the doctrine of pendent jurisdiction.

## PARTIES

2. Plaintiff, Robert W. Williams, is a natural person who resides in Pensacola, Florida, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3.  Defendant, NCO Financial Systems, Inc. is believed to be a Pennsylvania corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business at 507 Prudential Road, Horsham, PA 19044, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. In or around 2005, Plaintiff entered into an agreement with AT&T Wireless, in which AT&T would provide Plaintiff with cellular telephone service for an agreed upon price.

5. Plaintiff received the services for personal use and not in the engagement of business.

6. At all times relevant hereto, Plaintiff resided in the State of Florida.

7. At all times relevant hereto Defendant's corporate headquarters were located in Horsham, PA.

8. Plaintiff paid AT&T for services provided; however, a disputed balance remained.

9. The original creditor placed the account in collections.

10. In or around 2007, NCO Portfolio Management purchased the account from AT&T Wireless.

11. On or about July of 2008, NCO Portfolio Management sent the account to Defendant for collection.

12. On July 9, 2008, Defendant sent an initial letter to the Plaintiff.  A copy of said letter is attached hereto as **Exhibit "1".**

13. Defendant's July 9, 2008 letter attempts to collect the AT&T debt.

14. Defendant's July 9, 2008 letter attempts to collect a charge in the amount of $100.92 in addition to the AT&T debt, labeled as "COLLECTION CHARGES".

15. Defendant's July 9, 2008 letter directs Plaintiff to a website www.NCOFinancial.com (hereinafter "The Site").

16. www.NCOFinancial.com is owned by NCO Group, Inc., a third party. See copy of domain registration information attached hereto as **Exhibit "2"**.

17. The Site is managed by Network Solutions, Inc. a third party.

18. Upon entry, The Site contains no mini-Miranda warning as required by the FDCPA, see copy of the home page of The Site attached hereto as **Exhibit "3"**.

19. Upon placing a registration code into the page listed on Exhibit 3, the site redirects you to a "Security Verification" page at which time you must input and transmit the last four digits of the debtor's social security number.  See copy of Security Verification page attached hereto as **Exhibit "4"**.

20. Nowhere on the Security Verification page are there any required warnings under the FDCPA.

21. After submitting personal information on the Security Verification page the debtor is redirected to a "Login Creation" page where the debtor makes up a login and password to access the site.  See copy of Login Creation page attached hereto as **Exhibit "5"**.

22. Nowhere on the Login Creation screen are there any of the required FDCPA warnings.

23. After creating a user name and password the debtor is directed to a "Registration Complete" page verifying the debtor's user name. See copy of "Registration Complete" page attached hereto as **Exhibit "6"**.

24. Nowhere on the "Registration Complete" page are there any of the required FDCPA warnings.

25. After "clicking" the continue button on the "Registration Complete" page the debtor is redirected yet again to a "Terms and Conditions" page which is actually a "click wrap agreement". See copy of "Terms and Conditions" page attached hereto as **Exhibit "7"**.

26. Nowhere on the "Terms and Conditions" page are there any of the required FDCPA warnings.

27. The "Terms and Conditions" page purports to engage the debtor into a contractual relationship with the Defendant.

28. Notwithstanding the screenshot labeled as Exhibit 7, the full text of the "click wrap agreement" can not even be seen, nor is full sight required to check the acceptance and continue. The full text of the click wrap agreement as attached hereto as **Exhibit "8"**.

29. Among other representations the "click wrap agreement" informs the debtor of the following:

> ***This Website has been prepared solely for the purpose of providing information from and conducting transaction with NCO Financial Systems,*** Inc., and its affiliates and related entities (collectively hereinafter, "NCO"), in order to provide account information, make payments and collect debts. Without limiting the generality of anything else, NCO makes no commitment, and disclaims any duty, to update this Website or any of the information obtained through this Website, and it shall not be responsible for any errors or omissions in the Website. NCO reserves the right to add, modify or delete any information on this Website at any time, with or without notice.

30. Nowhere in the "click wrap agreement" are there are of the required FDCPA warnings.

31. The "click wrap agreement" text is 5.5 Ariel font.

32. As a result of the foregoing acts and omissions of Defendants, and in order to punish them for outrageous and unlawful conduct as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## CLASS ACTION

33. This action is maintained as a class action on behalf of the following described class: all consumers residing in the United States who, commencing one year before the date of filing of this *Complaint*, have been or will be the objects of Defendant's unlawful debt collection efforts.

34. This action is appropriately maintained as a class action as the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of the representative party are typical of the claims of the class, and the representative party will fairly and adequately protect the interests of the class; in addition, Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

35. Unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff and the class whom he represents will suffer substantial and irreparable injury for which they have no adequate remedy at law.

## CAUSES OF ACTION

*COUNT I*
*VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*
THE CLASS V. DEFENDANT

36. The foregoing acts and omissions of Defendants constitute violations of the FDCPA, including, but not limited to:

    a.    §1692b(2) by allowing Network Solutions and NCO Group, Inc. to view Plaintiff's information;

    b.    §1692c(b) by allowing Network Solutions and NCO Group, Inc. to view Plaintiff's information

    c.    §1692e providing false, deceptive and misleading representations in a written communication;

    d.    §1692e(2) providing false and misleading representations in a written communication with regards to the legal status of a debt;

    e.    §1629e(7) communicated to the Plaintiff in a manner to disgrace the Plaintiff;

    f.    §1692f by using unfair and unconscionable means to collect a debt;

    g.    §1692f(1) by attempting to collect an amount not authorized by agreement;

    h.    §1692e(11) by failing to include the mini-Miranda

37.    Plaintiff is entitled to recover statutory damages, reasonable attorney's fees, and costs.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Enter an order certifying this action as a class action.

2. Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendant to be unlawful, enjoining Defendant from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate, including ordering Defendant to disgorge itself of all ill-gotten and illegal sums which it has collected as a result of its unlawful conduct.

3. Award actual damages.

4. Award punitive damages.

5. Award statutory damages.

6. Award treble damages.

7. Award reasonable attorney's fees.

8. Award costs.

9. Grant such other and further relief as it deems just and proper.

Respectfully submitted;

/s/   Bruce K. Warren, Esq.
Bruce K. Warren, Esq.
Brent F. Vullings, Esq.
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800
215-745-7880